E-FILED
Wednesday, 07 April, 2010  10:02:38 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| RAY CHARLES SPIVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  10-cv-1050 |
| ) | |
| GUY PIERCE, *Warden, Pontiac* ) | |
| *Correctional Center*, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

On February 26, 2010, this Court received Petitioner's Petition for habeas corpus under 28 U.S.C. § 2254 and a Motion for Appointment of Counsel. (Docs. 1 & 2). Petitioner had neither paid his filing fee nor submitted an Application to Proceed in forma pauperis, so the Court ordered him to take one of these two steps. (2/26/10 Text Order). In compliance with that order, Petitioner has submitted an Application to Proceed in forma pauperis, received by the Court on March 17, 2010, and the Court may thus consider Petitioner's filings. (Doc. 4). For the reasons stated below, Respondent will be ordered to respond to Petitioner's § 2254 Petition, Petitioner's Application to Proceed in forma pauperis is denied, and his Motion for Appointment of Counsel is denied.

### PETITION FOR HABEAS CORPUS RELIEF UNDER § 2254

On August 27, 1994, Petitioner was convicted after a jury trial in the Circuit Court for DuPage County of home invasion and attempted aggravated criminal sexual assault. (Doc. 1 at 1). In his § 2254 Petition, he asserts that his trial counsel

was ineffective for failing to raise the issue of a search warrant executed in Mississippi. In addition, he appears to state that his trial counsel was subject to a conflict of interest, as he (or an assistant) was, at the time of the trial, an assistant prosecutor in DuPage County. He asserts that his appellate counsel was ineffective for failing to raise the issues of the search warrant, speedy trial, an all-white jury, the statement by a juror concerning African-Americans, and a statement by his girlfriend.[1] Petitioner also alleges that his post-conviction trial and appellate counsel were ineffective.[2]

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and has determined that some of Petitioner's claims could have merit, namely, those concerning ineffective assistance of Petitioner's trial and appellate counsel. Petitioner's claims alleging ineffective assistance of his post-conviction counsel, though, are dismissed under Rule 4, as "it plainly appears" that he is not entitled to relief; claims of ineffective assistance of post-conviction counsel are not cognizable in federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State

---

[1] It appears that the family of Petitioner's girlfriend may have somehow been related to the victim in Petitioner's case. (Doc. 1, Ex. 1 at 27).

[2] Petitioner attached a memorandum of law to his Petition that appears to be an amalgamation of his previous two state post-conviction petitions and their appeals, as it cites to Illinois case law and statutes, and discusses issues that are not raised in the § 2254 Petition itself. (Doc. 1, Ex. 1 at 1-26). The Court therefore assumes that this memorandum was attached for the Court's information, and not in order to raise these additional claims as part of the § 2254 Petition.

In addition, Petitioner filed a statement entitled "Nature of case and facts relied on," which appears to elaborate on the claims of ineffective assistance made in the Petition, and to argue that Petitioner has properly exhausted his state remedies. (Doc. 1, Ex. 1 at 27-28).

collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) ("[N]either the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings, not even in a capital case.").

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed an Application to Proceed in forma pauperis.[3] (Doc. 4). Under 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of fees or costs. The Application is supported by an affidavit, and contains the information that is required by 28 U.S.C. § 1915(a)(1). In addition, the Court has received a copy of Petitioner's trust fund account ledger for the last six months from the Pontiac Correctional Center, as required by 28 U.S.C. § 1915(a)(2). In his affidavit, Petitioner asserts that he has no income or other property. However, his trust fund account ledger and the certification from an officer of the Pontiac Correctional Center belie that assertion. Both indicate that Petitioner has $161.31 in his prison trust fund account, and that his average balance over the last six months has been $36.92. (Doc. 2 at 2, 4). Therefore, the Court finds that Petitioner is able to pay the $5.00 filing fee.

### MOTION FOR APPOINTMENT OF COUNSEL

Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a

---

[3] This Application appears to have been originally filed in the Northern District of Illinois, which returned it to Petitioner.

request, the litigant must show that he has made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660.

Here, it appears that Petitioner has made the required threshold attempt to hire an attorney on his own. He states that he has contacted law firms, the Innocence Project, and Northwestern University. (Doc. 2 at 1). However, the Court will not appoint counsel for Petitioner at this time, as he appears competent to litigate the issues raised in his Petition, given the relative lack of complexity of Petitioner's claims; the Court believes that appointed counsel would not be "reasonably likely to alter the outcome." Petitioner has adequately stated, as discussed above, the allegations that he raises in support of his § 2254 Petition, and has supported them with sufficient factual assertions.

In addition to appointment of counsel under 28 U.S.C. §1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). None of these are applicable at this point in time; the Court will

revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

IT IS THEREFORE ORDERED:

1. Petitioner's claims of ineffective assistance of post-conviction counsel are DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. The Clerk SHALL cause a copy of the Petition (Doc. 1) to be served upon Respondent.

3. Respondent SHALL file an answer or other response within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

4. Petitioner MAY file a reply to Respondent's response within 30 days of being served with Respondent's response.

5. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

6. Petitioner's Application to Proceed in forma pauperis (Doc. 4) is DENIED.

7. Petitioner SHALL submit the applicable filing fee within 28 days of the date of this Order, or his Petition will be dismissed.

8.  Petitioner's Motion for Appointment of Counsel (Doc. 2) is DENIED.

Entered this <u>6th</u> day of April, 2010.

                                                          s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                                       United States Senior District Judge