# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| RAY CHARLES SPIVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-1050 |
| | ) | |
| GUY PIERCE, *Warden, Pontiac Correctional Center*, | ) ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion to Amend his earlier-filed "Response" to the Court's initial Order in this case. (Doc. 8). On April 6, 2010, the Court, conducting the review required by Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, determined that Petitioner had raised three claims to relief under 28 U.S.C. § 2254: the ineffective assistance of his trial, appellate, and post-conviction counsel. (Doc. 5). The Court dismissed the claim relating to post-conviction counsel, but determined that Petitioner's claims to ineffective assistance of his trial and appellate counsel could have merit.[1]

On April 6, 2010, the Court received a "Response" to its Order, in which Petitioner took issue with the Court's characterization of the voluminous filings as

---

[1] Ineffective assistance of post-conviction counsel is not a basis for § 2254 relief: 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) ("[N]either the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings, not even in a capital case.").

constituting exhibits or supplemental memoranda relating to Petitioner's previous proceedings. The Court, understanding that all of these documents are meant to be supportive of Petitioner's claims, had not dismissed them or failed to consider them, but noted that they appeared to be aimed at providing further explanation or evidentiary support to the three claims raised on the face of the Petition, which related to counsel's conduct during the previous proceedings.

Now before the Court is Petitioner's Motion to Amend this "Response." (Doc. 8). In it, he notes that the Court did not mention the issues that he had raised in his direct appeals and state post-conviction proceedings, and states that he does "not want to forfeit any of the issue[s];" Petitioner goes on to state nine grounds for relief. (Doc. 8 at 1). The Court did not mention these as part of Petitioner's § 2254 petition because the § 2254 form he submitted listed only the ineffective assistance claims mentioned above; he did submit accompanying memoranda, but, as they cited to Illinois' post-conviction statutes and did not mention the ineffective assistance claims, the Court believed them to be informational, rather than adding a separate set of claims. (Doc. 1 at 4-5; Doc. 1-1 at 2-3). In addition, though several of the issues Petitioner now lists appear on the face of the § 2254 form, they are listed as part of the description of Petitioner's previous proceedings and as facts supporting the ineffective-assistance claims, not as separate claims; the Court's belief that these were supportive of the claims, rather than independent § 2254 claims is buttressed by the fact that these listings of facts in support reference the exhibits and memoranda submitted. (Doc. 1 at 2-5).

The Court now turns to the nine newly-listed claims. These claims are:

(1) Speedy trial.
(2) The so-called confession of Petitioner and all evidence seized.
(3) The two $500,000 bonds set at arrai[g]nment Oct. 17, 1990 whereas Petitioner was charged with both case 90CF2458 and 90CF2705, the reported sheet.
(4) Fingerprints not given to the jury, nor was fingerprint analys[is] expert who gathered them called to testify at trial, and search warrant.
(5) No Frank hearing allowed by the court, nor Fry hearing.
(6) Sentencing of extended term and consecutive sentencing.
(7) Jury instruction improperly given to ju[ry], ju[ry] verdict inconsistent with showing that essential elements of the crime beyond a reasonable doubt.
(8) Whe[ther] the evidence presented found Petitioner guilty beyond a reasonable doubt.
(9) The redistricting of the Illinois supreme court.

(Doc. 8 at 1). Petitioner states that he does not know whether these will be included with his ineffective assistance claims. As noted above, several of these (1, 6-8) were listed as facts in support of the ineffective assistance claims. The leads to Court to suspect that Petitioner's concern is that the Court will not consider them as facts in support of the ineffective assistance claims. If this is the case, Petitioner should be assured that the Court will consider the facts properly alleged in support of his ineffective-assistance claims.

On the other hand, some of the newly-listed claims do not appear on the face of the § 2254 form. The Court will grant Petitioner the opportunity to amend his Petition to include as independent claims any matter that he believes justifies § 2254 relief. The Court cannot at this point determine pursuant to Rule 4 whether the nine listed claims could have merit, as there are no facts alleged in the instant motion in support of them. Therefore, Petitioner must, if he wishes to include these

3

as independent claims to relief (rather than as facts in support of his ineffective-assistance claims), submit an Amended Petition including all of the issues Petitioner wishes to raise under § 2254; Petitioner should re-allege his ineffective assistance claims, if he still wishes to raise them, so that the Amended Petition has all of the claims in one location.  This Amended Petition must be concise, and must list some factual information in support of each claim Petitioner wishes to raise so that the Court may conduct the review required by Rule 4.[2]  Petitioner is not to re-submit the hundreds of pages of supporting documentation included with the original petition, as it is already in the record; he may cite specifically to supporting documents among the original Petition's exhibits in his Amended Petition.

IT IS THEREFORE ORDERED:

1.  Petitioner's Motion to Amend his "Response" to the Court's April 5, 2010 Order (Doc. 8) is GRANTED; Petitioner's "Response," received by the Court on April 19, 2010, is hereby amended.

---

[2]  It is possible that the Court could, by combing through the 267 pages of documentation included with Petitioner's original § 2254 petition, compile enough facts to perform this analysis.  However, this is not the Court's function - Petitioner, though proceeding *pro se*, must set out his facts and arguments in a coherent manner, rather than merely dumping all potentially-relevant documents upon the Court.  *See* Rule 2 of the Rules Governing Section 2254 Cases in the District Courts ("(c) Form.  The petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. (d) Standard Form.  The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge.").

2.     Petitioner's Amended Petition, if he wishes to file one, SHALL be filed by July 9, 2010, and is subject to the conditions discussed above.

3.     The previously-set deadline for Respondent's Response (60 days after service of the original Petition) is hereby VACATED.  If Petitioner does not file an Amended Petition by July 9, 2010, the original Petition will remain pending, and Respondent's Response to it, subject to the Court's April 6, 2010 Order, is due August 6, 2010.  If Petitioner does file a timely Amended Petition, the Court will then undertake the analysis required by Rule 4 of the Rules Governing Section 2254 Cases in the District Courts and set a new deadline for Respondent's Response at that time.


Entered this <u>9th</u> day of June, 2010.


                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                      United States Senior District Judge