# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| RAY CHARLES SPIVEY | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 10-cv-1050 |
| GUY PIERCE, *Warden, Pontiac Correctional Center,* | ) ) ) ) | |
| Respondent. | | |

## O P I N I O N  &  O R D E R

Before the Court is Ray Charles Spivey's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 11), Respondent's Motion to Dismiss (Doc. 15), and Petitioner's Response (Doc. 18). For the following reasons, Respondent's Motion is GRANTED and the Petition is DISMISSED WITH PREJUDICE.

### PROCEDURAL HISTORY

On October 20, 1994, following a jury trial, Petitioner was convicted of home invasion and attempted aggravated criminal sexual assault. (Doc. 16 Exh. A). He was sentenced to consecutive terms of forty-five and fifteen years of imprisonment, respectively. (Doc. 16 Exh. A at 1-2). On January 6, 1997, the Second Judicial District of Illinois affirmed Petitioner's convictions and sentences. (Doc. 16. Exh. A at 22). Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied on April 2, 1997. (Doc. 16 Exh. C).

On August 11, 1997, Petitioner filed a *pro se* petition for post-conviction relief pursuant to 725 ILCS 5/122-1, *et seq*. (Doc. 16 Exh. D). After being appointed counsel, Petitioner filed two amended petitions for post-conviction relief, on January 16, 2001, and March 9, 2001, respectively. (Doc. 16 Exhs. E & F). These petitions were denied as to all of Petitioner's claims as of July 8, 2003. (Doc. 16 Exh. H). Petitioner timely appealed, however the dismissal of his post-conviction petitions were affirmed by the Second Judicial District on December 28, 2004. (Doc. 16 Exh. N). Likewise, the Illinois Supreme Court denied Petitioner's PLA on March 30, 2005. (Doc. 16 Exh. L).

On June 9, 2005, Petitioner filed a second petition for post-conviction relief pursuant to 725 ILCS 5/122-1, *et seq*. (Doc. 16 Exh. M). On July 26, 2005, the trial court summarily dismissed Defendant's successive petition as frivolous and patently with merit. (Doc. 16 Exh. K). On appeal, the Second District determined that the trial court should have dismissed Petitioner's second post-conviction petition for failing to obtain leave to file it and thereby failing to comply with 725 ILCS 5/122-1(f). *People v. Spivey*, 879 N.E.2d 391, 394 (Ill. App. Ct. 2007). Further, the appellate court held that although the trial court accepted the petition and issued a ruling on it, it could still not be "deemed filed," because the trial court did not *expressly* grant permission to that effect. *Id*. at 395. Accordingly, the appellate court held that "defendant's successive post-conviction is not even considered as having been filed" and affirmed its dismissal on those grounds. *Id*.

On December 5, 2007, Petitioner filed a *pro se* motion for leave to file an amended post-conviction petition, along with the proposed petition. (Doc. 16 Exhs. S & T). The trial court denied this motion on January 10, 2008, because Petitioner failed to show cause and prejudice for his failure to raise the claims in his previous post-conviction petition, as required by 725 ILCS 5/122-1(f). (Doc. 16 Exh. U). The Second District affirmed this dismissal on September 25, 2009 (Doc. 16 Exh. V), and the Illinois Supreme Court denied Petitioner's PLA on January 27, 2010 (Doc. 16 Exh. W).

Petitioner filed his original Petition with this Court on February 24, 2010. (Doc. 1). He filed an Amended Petition on June 25, 2010, in which he added additional claims for relief. (Doc. 11). In an Order and Opinion entered on July 2, 2010, this Court analyzed Petitioner's Amended Petition, and found that it raised eleven distinct claims. (Doc. 12 at 3-4). Pursuant to Rule 4 of the Rules Governing § 2254 Petitions, the Court dismissed one of Petitioner's claims as plainly without merit, and ordered the Respondent to file an answer, motion, or other responsive pleading to the remainder of Petitioner's claims within 60 days. Respondent complied, and on July 29, 2010 it filed its instant Motion to Dismiss. (Doc. 16). Respondent seeks to have Petitioner's Petition dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (Doc. 16 at 1-2). On August 3, 2010, Petitioner filed his timely Response. (Doc. 19).

## DISCUSSION

Section 2244(d)(1) of Chapter 28 of the United States Code imposes a one year period of limitations upon the filing of an application for writ of habeas corpus by a person in state custody. Absent an unconstitutional state impediment to filing, a newly recognized or retroactively applicable constitutional right, or a subsequently discovered factual predicate for the claims for relief, the applicable limitations period begins on the date which judgment becomes final, which is the date on which a petitioner's time to file a petition for writ of certiorari in the United States Supreme Court expires. 28 U.S.C. § 2244(d)(1)(A)-(D); *Jimenez v. Quarterman*, 555 U.S. 113 (2009). However, the period may be tolled during the time which a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

Here, Respondent alleges that Petitioner's judgment became final on July 1, 1997, which was 90 days after the Illinois Supreme Court denied his PLA on direct appeal, i.e., when the time to file a petition for writ of certiorari in the United States Supreme Court expired. (Doc. 15 at 10). Petitioner responds that his judgment was not final as of that day, because he was still attempting to ensure that he had not procedurally defaulted his claims. However, Petitioner's attempts to ensure that his claims were not procedurally defaulted does not alter the date his judgment became final. First of all, the period of limitations did not begin to run until after Petitioner's conviction had undergone one complete round of direct review. And further, to the extent Petitioner wished to properly file a post-conviction petition,

4

the limitations period would be tolled during the time of its pendency. Accordingly, upon review of the record, the Court agrees with Respondent that Petitioner's judgment became final on July 1, 1997.

After the period of limitations began to run on July 1, 1997, forty-one days passed before Petition filed his first petition for post-conviction relief on August 11, 1997 (Doc. 16 Exh. D).[1] Petitioner's post-conviction proceedings remained pending until March 30, 2005, when the Illinois Supreme Court denied his PLA. (Doc. 16 Exh. L). The limitations period therefore began to run again on March 31, 2005, and has since expired. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (holding that tolling for post-conviction review does not extend to the time period in which a petitioner may seek a writ of certiorari in the United States Supreme Court).

Petitioner's filing of his subsequent petitions for post-conviction relief did not toll the limitations period any further because these petitions were not *properly* filed in accordance with Illinois law. With regards to Petitioner second petition for post-conviction relief, the Illinois appellate court held that it could not even be deemed filed, because Petitioner had failed to seek leave from the trial court to file it in accordance with 725 ILCS 122/2-1(f). *People v. Spivey*, 879 N.E.2d 391, 395 (Ill. App. Ct. 2007). Moreover, when Petitioner subsequently sought leave to file a third petition for post-conviction relief, his request was denied because he had not established cause and prejudice for his failure to raise his claims in his first such

---

[1] These forty-one days must be counted towards Petitioner's limitations period. *See DeJesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009).

petition. (Doc. 16 Exh. U). Because these petitions for post-conviction relief were not properly filed, they did not act to toll the limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction . . . review . . . is pending shall not be counted toward any period of limitation") (emphasis added); *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). Therefore, Petitioner's period of limitations resumed on March 31, 2005, and expired 324 days later, long before Petitioner filed his application for writ of habeas corpus in this Court.

Still, Petitioner's claims may not be time-barred if he is entitled to equitable tolling, which was recently recognized by the Supreme Court as applicable to claims that would otherwise be barred by § 2244(d). *Holland v. Florida*, 130 S.Ct. 2459, 2562 (2010). Petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although the record may support a finding that Petitioner has been pursuing his rights diligently since the date of his conviction,[2] the Court cannot find that there were any extraordinary circumstances which prevented his filing.

After his first petition for post-conviction relief was denied by the Illinois courts, Petitioner chose to seek further relief from the Illinois state courts rather than seek federal review. Although Petitioner claims that he was doing this in

---

[2] Based upon the record discussed above, Petitioner has rarely let more than three months expire between the dismissal of one of his petitions for relief and the filing of another.

order to avoid procedural default and to make sure that all of his claims were part of the record, the Illinois appellate court found that there was no cause for Plaintiff's failure to bring all of his claims to the attention of the Illinois courts his first petition for post-conviction relief. (*See* Doc. 16 Exh. V).[3] Accordingly, there were no extraordinary circumstances which would entitle Petitioner to equitable tolling, and, because Petitioner's Petition was not timely filed, Respondent's Motion to Dismiss must be GRANTED.

### CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean

---

[3] From the Illinois appellate court's denial of Petitioner's motion for leave to file a subsequent post-conviction petition (Doc. 16 Exh. V) and Petitioner's Response to Respondent's Motion to Dismiss (Doc. 18), the Court believes that Petitioner may have thought it necessary to file for a second round of post-conviction relief because his post-conviction trial attorney failed to attach a warrant used in Petitioner's arrest to his first post-conviction petition. To the extent that this failure can construed to be the reason that Petitioner did not timely file his habeas petition, the Supreme Court has held that "a garden variety claim" of attorney negligence does not warrant equitable tolling. *Holland*, 130 S.Ct. at 2564. Based on the record before it, the Court cannot find that Petitioner's post-conviction trial attorney's failure to attach a warrant to his first post-conviction petition for relief was anything more than excusable attorney negligence, which cannot serve as an extraordinary circumstance, especially in post-conviction proceedings for which there is no right to counsel. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a habeas petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1)(3).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Petitioner's claim is time-barred. The law is clear that successive petitions for post-conviction relief do not toll the period of limitations unless they have been properly filed. *See Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). Accordingly, Petitioner's period of limitations resumed running as of March 31, 2005, which is well outside of the one year window in which Petitioner was able to file his claims with this Court. Nor does the Court find Petitioner's entitlement to equitable tolling to be debatable. Petitioner's choice to file successive petitions for post-conviction relief rather than file his habeas claim in this Court do not constitute extraordinary circumstances which would warrant such tolling. Nor is his potential lack of legal expertise a sufficient basis for invoking equitable tolling.

*Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 15) is GRANTED, Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 11) is DISMISSED WITH PREJUDICE, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>12th</u> day of January, 2011.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                                  United States Senior District Judge